# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TREVOR ADAM TENGE,

               Plaintiff,

        v.

ROSEANNE MAUREEN
STAUFFER, MEGAN TENGE, and
MARRISSA ECHART,

               Defendants.

Case No. 3:24-cv-00121-SLG

## <u>ORDER OF DISMISSAL</u>

On June 6, 2024, self-represented plaintiff, Trevor Adam Tenge, filed a civil rights complaint under 42 U.S.C. § 1983, a civil cover sheet, and an application to waive payment of the filing fee.[1] The Court has now screened Mr. Tenge's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Mr. Tenge's Complaint fails to adequately state a claim for which relief may be granted. This action is dismissed with prejudice for futility of amendment.

## BACKGROUND

Mr. Tenge alleges three claims against three separate defendants for events that he alleges occurred on May 4, 2010. First, Mr. Tenge alleges that on that date, Defendant Marrissa Echart violated his right to be free from cruel and unusual

---

[1] Dockets 1–3.

punishment, because "smart technologies with multipoint wireless or [GPS] tracking surveillanced my position and performed nuclear testing on me in my home based off illegal surveillance."[2] Second, Mr. Tenge alleges that Defendant Rosie Stauffer's "surveillance tapped top secret and network information obtained through smart phone surveillance that dam[n] near killed my family[,] stole my tax records[,] and possibly took over major networks and famil[ies] in America."[3] Lastly, Mr. Tenge alleges that Defendants Aaron and/or Megan Tenge violated his right to surveillance,[4] which "may have played roles in corporate espionage for take over of my work via Robinhood Android and Google."[5]

For relief, Mr. Tenge requests $140,000,000.00 in punitive damages.[6]

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i)      is frivolous or malicious;

---

[2] Docket 1 at 3.

[3] Docket 1 at 4.

[4] The Court construes this to mean his right to be free from surveillance, which would be consistent with the prior two claims.

[5] Docket 1 at 5.

[6] Docket 1 at 7.

[7] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000).

Case No. 3:24-cv-00121-SLG; *Tenge v. Stauffer, et al.*
Order of Dismissal
Page 2 of 9

(ii)     fails to state a claim on which relief may be granted; or

(iii)     seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## DISCUSSION

The Complaint at Docket 1 does not meet the required pleading standard under Federal Rule of Civil Procedure 8(a) and fails to articulate sufficient factual details that if proven true, would satisfy the required elements of a civil rights claim under 42 U.S.C. § 1983.  Further, Mr. Tenge's claims occurred well outside the statute of limitations for a civil rights claim.  Accordingly, the Court finds amendment futile and therefore this action must be dismissed.

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

## I. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state a claim to relief that is plausible on its face."[12]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[14]  While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[15]  A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[16]  A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[17]  A court is not required to accept as true conclusory

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[13] *Ashcroft*, 556 U.S. at 678.

[14] Fed. R. Civ. P. 8(a)(2).

[15] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[16] *Id.* (internal quotation marks and citation omitted).

[17] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 3:24-cv-00121-SLG; *Tenge v. Stauffer, et al.*
Order of Dismissal
Page 4 of 9

allegations, unreasonable inferences, or unwarranted deductions of fact.[18]  Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[19]

To state a civil rights claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[20]  To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[21]  To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[22]  Section 1983 does not confer constitutional or federal statutory rights.  Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[23]

A defendant in a civil rights lawsuit must be a "person."[24]  A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act,

---

[18] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[19] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996).

[20] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[22] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[23] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[24] 42 U.S.C. § 1983.

participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[25]  A plaintiff must allege that he or she suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[26]

As a preliminary matter, the Court finds that the Complaint does not allege in sufficient factual detail to meet the baseline requirements of Rule 8 pleading.  As plead, the claims are based on bare assertions devoid of any factual enhancement and do not establish how each defendant maybe liable for Mr. Tenge's alleged harm.

Additionally, under 42 U.S.C. § 1983, a complaint must identify and explain how each defendant was acting under color of state law.  A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[27]    The Complaint identifies Defendant Echart as a "cop," Defendant Stauffer as a "teacher," and Defendant Tenge as "healthcare."[28] Beyond these labels, the Complaint does not identify what entities each Defendant

---

[25] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[26] *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[27] *West*, 487 U.S. at 49 (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

[28] Docket 1 at 2.

worked for.  Further, the Complaint lacks factual details sufficient to establish what actions each Defendant took that caused Mr. Tenge's alleged harm while that Defendant was acting under state authority.  It is plausible that the "right to be free from surveillance" may implicate the Fourth Amendment right to be free from unreasonable search and seizure.[29]  However, the claims are too conclusory and devoid of factual assertions for the Court to permit such liberal construction. Accordingly, the Complaint at Docket 1 fails to state a claim and must be dismissed.

## II.  Statute of Limitations

Even if the Court could discern a claim in the Complaint, the events described appear to be facially time-barred by the applicable statute of limitations.[30]  If a claim is not filed within the applicable statute of limitations, dismissal is proper even if the plaintiff is self-represented.[31]  A statute of limitations bars claims filed after a specified date based on the date when the claim accrued

---

[29] *See Shafer v. City of Boulder*, 896 F.Supp.2d 915, 929–32 (D. Nev. Sept. 12, 2012) (holding that a violation of the Fourth Amendment could occur if a neighbor conducted 24-hour video surveillance of Shafer's family at the request of local law enforcement).

[30] *See* STATUTE OF LIMITATIONS, Black's Law Dictionary (11th ed. 2019) ("A law that bars claims after a specified period; specif., a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered.)").

[31] *See Holmes v. Forman,* 2023 WL 319918, at *3 (C.D. Cal. Jan. 19, 2023) (finding claims time-barred since "none of these later events have shed any new light on the conduct of Defendants that Plaintiff alleges violated his rights. In other words, as of more than 20 years ago, Plaintiff knew or should have known everything he knows now about the alleged conduct that is the basis of his action").

(as when the injury occurred or was discovered).[32] Civil rights claims pursuant to 42 U.S.C § 1983 are subject to the state's statute of limitations for personal injury actions.[33]  In Alaska, the statute of limitations for personal injury claims is two years.[34]  The alleged events giving rise to Mr. Tenge's claims occurred in 2010. Therefore, under the applicable statute of limitations, Mr. Tenge's claims are time-barred.

### III.    Futility of Amendment

When a federal court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[35] In making this determination, a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."[36]  A district court may on its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.[37]

---

[32] STATUTE OF LIMITATIONS, Black's Law Dictionary (11th ed. 2019).

[33] *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) ("Federal courts in § 1983 actions apply the state statute of limitations from personal-injury claims and borrow the state's tolling rules.").

[34] Alaska Statute § 09.10.070.

[35] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[36] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

[37] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993).

Mr. Tenge's civil rights claims cannot proceed in federal court at this time. Even if Mr. Tenge were to amend his complaint so as to fulfill the required elements for stating a claim under § 1983, any claims related to events that allegedly occurred in 2010 are time-barred by the applicable statute of limitations. Therefore, the Court finds amendment would be futile and will not accord Plaintiff leave to file an amended complaint.

**IT IS THEREFORE ORDERED:**

1.      This civil action is **DISMISSED WITH PREJUDICE.**

2.      The Court finds amendment would be futile.

3.      All pending motions are **DENIED** as moot.

4.      The Clerk shall issue a final judgment and close this case.

DATED this 21st day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE